UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**MELVIN S. WAYMIRE,**

    Plaintiff,

-v-

**SHARON J. LEONARD and**
**MICHAEL J. LEONARD,**

    Defendants/Counterclaimants,
    and Third-Party Plaintiffs,

-v-

**AMERITAS LIFE INSURANCE CORP.,**

    Third-Party Defendant.

Case No. 3:10-CV-072

Judge Thomas M. Rose

---

**ENTRY AND ORDER GRANTING DEFENDANTS' MOTION TO REMAND (Doc. #4); REMANDING THIS CASE TO THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, OHIO; ORDERING THIRD-PARTY DEFENDANT TO PAY THE COSTS AND EXPENSES INCURRED BY DEFENDANTS AS A RESULT OF REMOVAL; AND TERMINATING THIS CASE ON THE DOCKET RECORDS OF THIS COURT**

---

Now before the Court is Defendants' Sharon and Michael Leonard ("the Leonards") Motion To Remand. (Doc. #4.) This Motion is now fully briefed and ripe for decision.

Third-party defendant removed this case to federal court on the grounds of federal preemption under the Employee Retirement Income Security Act (ERISA). Third-party plaintiffs/original defendants brought state claims against third-party defendant that ERISA potentially preempts under its § 502 enforcement provision, 28 U.S.C. § 1132(a)(1)(B). However, the Sixth Circuit generally does not permit third-party defendants to remove actions to federal court. Additionally, state and federal courts have concurrent jurisdiction over claims

1

arising under ERISA's enforcement provision. Therefore, this Court concludes the third-party defendant removed this case improperly, and this matter is REMANDED to state court. This Court reserves jurisdiction to hear arguments from the parties regarding the reimbursement of reasonable costs and attorney's fees due to improper removal.

## I. BACKGROUND

Plaintiff, Dr. Melvin Waymire, originally filed his "Complaint on Account" in Dayton Municipal Court, of Montgomery County, Ohio. (Doc. #7.) Dr. Waymire alleged the Leonards failed to pay the outstanding balance for dental services rendered by Dr. Waymire. *Id.* The Leonards answered Dr. Waymire's complaint, filed a counterclaim against Dr. Waymire, and filed a third-party complaint against their dental insurance provider, Ameritas Life Insurance Corp. ("Ameritas"). (Doc. #2.) The Leonards alleged in their counterclaim that Dr. Waymire breached his contract and fiduciary duty, acted in bad faith, committed malpractice, and was negligent when he failed to properly file paperwork with the insurance company, which caused the Leonards' dental claim to be denied by Ameritas. *Id.* The Leonards alleged in their third-party complaint that Ameritas breached its fiduciary duty to the Leonards as beneficiaries of the insurance plan, that Ameritas breached its contract with the Leonards to pay the Leonards' dental claim, and Ameritas acted in bad faith when Ameritas failed to pay the Leonards' dental claim.[1] *Id.* Ameritas, as a third-party defendant, removed the case to this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446, asserting the claims in this case are preempted by ERISA and should be heard by a federal court. (Doc. #1.)

---

[1] The third-party complaint against Ameritas lacked certain expected elements of a third-party complaint. While the caption and title of the document named Ameritas as a third-party defendant, the document included no separate subparagraph dedicated to the claims brought against Ameritas, the document contained no prayer of relief, and the Clerk of Courts for Montgomery County, in Dayton, Ohio served Ameritas with the Answer/Counterclaim/Third-Party complaint over four months after the third party complaint was served on Melvin Waymire and filed in Dayton Municipal Court, Montgomery County, Ohio. Since the parties have proceeded as if the complaint is sufficient, this Court will tolerate the inadequacies of the third-party complaint.

The Leonards filed a motion to remand to state court pursuant to 28 U.S.C. § 1447(c), claiming that Ameritas cannot remove, because the Sixth Circuit does not permit third-party defendant removal actions and asking for payment of reasonable costs and expenses due to improper removal. (Doc. #4.) Ameritas argued in its response that removal was still appropriate pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1441(c), because ERISA preempted the state claims brought by the Leonards. (Doc. #8.) Additionally, Ameritas argued in its response that Ameritas only requested to remove the portion of the case between the Leonards and itself and left the claims between Dr. Waymire and the Leonards in state court for the state court to adjudicate separately.[2] *Id.*

## II. DISCUSSION

In this instance, this Court finds that removal by the third-party defendant was improper; therefore, third-party plaintiffs' Motion To Remand is GRANTED. The Supreme Court and Congress have yet to settle the issue of removal by third-party defendants, so Circuit Court interpretations vary on the topic. The Sixth Circuit determined that third-party defendants generally cannot remove civil actions to federal court. *First Natal Bank of Pulaski v. Curry*, 301 F.3d 456, 458 (6th Cir. 2002). However, third-party defendants have attempted to argue in the past, as Ameritas does here, that they should be permitted to remove cases due to state claims being subject to federal preemption. This is usually argued, because if an employee benefit insurance plan is governed by ERISA, then ERISA "converts ordinary state common law

---

[2] Ameritas argued in its notice of removal that this Court had "supplemental jurisdiction over related claims in the action over which original jurisdiction may be lacking," pursuant to 28 U.S.C. § 1367. However, Ameritas now argues, in its Memorandum Contra Third-Party Plaintiffs' Motion To Remand, that it is only removing the claims in the case that the Leonards brought against it. (Doc. #8.) However, Ameritas offers no case law to support the action of removing the third-party complaint, separate of the rest of the action. The plain language of 28 U.S.C. § 1441(a) states that any "civil action" can be removed, indicating that the entire case would be removed, not just the portion of the case that would make it convenient for the third-party defendant to achieve removal. The plain language of 28 U.S.C. § 1441(c) states that the "entire case" can be removed, indicating that the parties cannot pick and choose which claims are removed to federal court.

3

complaints into ones stating federal claims for the purposes of the well-pleaded complaint rule." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2002).  While ERISA preempts state claims and is a federal question, state and federal courts have concurrent jurisdiction over 29 U.S.C. § 1132(a)(1)(B) claims.  *Pilot Life Ins. Company v. Dedeaux*, 481 U.S. 41, 55 (1987).

Ameritas is a third-party defendant arguing contrary to a Sixth Circuit decision, and it is this Court's obligation to follow the binding precedent of *First Natal Bank of Pulaski*, indicating that this action must be remanded.  If the state court determines there are ERISA claims existing within this case, the state court has concurrent jurisdiction over the ERISA claims in the third-party complaint and can hear this case.  Therefore, removal was improper, and third-party plaintiffs' Motion To Remand is GRANTED.

**A.  Third-Party Defendant Removal was Improper**

As a result of the Sixth Circuit's Decision in *First Natal Bank of Pulaski*, removal by the third-party defendant is improper.  Removal statutes must be narrowly construed.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107 (1941).  Third-party defendants are not "defendants" for the purposes of 28 U.S.C. § 1441(a).  *First Natal Bank of Pulaski*, 301 F.3d at 462.  And "joinder of claims," in 28 U.S.C. § 1441(c), refers to joinder of claims by the original plaintiff, making it improbable that third-party defendants can remove to federal court.  *Id.* at 464.  It is also unlikely that a third-party defendant would pass the "separate and independent" analysis of 28 U.S.C. § 1441(c).  *Id.* at 465.

Ameritas cannot remove this case pursuant to 28 U.S.C. § 1441(a) because its third-party defendant status does not qualify it as a "defendant" for 28 U.S.C. § 1441(a) purposes.  The Leonards' third-party complaint is not considered a "joinder of claims" for removal purposes under 28 U.S.C. § 1441(c), so Ameritas is also not permitted to remove pursuant to this section

4

of the statute.  Therefore, third-party defendant removal is not permitted pursuant to 28 U.S.C. § 1441(a), and is only permitted pursuant to 28 U.S.C. § 1441(c) when there is a joinder of a federal claim by the original plaintiff.

**1.  28 U.S.C. § 1441(a)**

Ameritas is not permitted to remove to federal court pursuant to 28 U.S.C. § 1441(a), because it is not considered a "defendant" for the purposes of removal under this section.  Only a "defendant or defendants" can remove a case to federal court.  28 U.S.C. § 1441(a).  "Defendant" is to be interpreted narrowly.  *First Natal Bank of Pulaski*, 301 F.3d at 462.  Broader terms are used in Title 28 when a statute intends to cover parties other than just the defendant or defendants.  *See, e.g.,* 28 U.S.C. § 1452 (granting a "party" in a bankruptcy case permission to remove); *First Natal Bank of Pulaski*, 301 F.3d at 463.  "Defendants" and "third-party defendants" are different parties in an action, and statutes should be interpreted to acknowledge the difference between the two.  *Id.*   Third-party defendants are not mentioned in 28 U.S.C. § 1441(a), and do not have a statutory right of removal, *see, e.g., Id.* at 458-459, 462 (bank brought suit against Curry family, Curry family brought a third-party complaint against William Horne, Horne removed the case to federal court, and the court determined that Horne's third-party defendant status did not qualify him as a defendant under 28 U.S.C. § 1441(a) and remanded the case to state court).

The original defendants brought Ameritas into this action through a third-party complaint, and Ameritas is, therefore, a third-party defendant.  Under the *First Natal Bank of Pulaski* ruling, Ameritas cannot be considered a "defendant" for the purposes of 28 U.S.C. § 1441(a).  Therefore, Ameritas is not permitted to remove this case to federal court pursuant to 28 U.S.C. § 1441(a).

**2.  28 U.S.C. § 1441(c)**

Ameritas cannot remove this case pursuant to 28 U.S.C. § 1441(c). "Defendant or defendants" is not used in 28 U.S.C. § 1441(c), which, according to the Sixth Circuit, leaves the possibility that third-party defendants could be permitted to remove. *First Natal Bank of Pulaski*, 301 F.3d at 464. However, the word "joined" must be narrowly construed when interpreting 28 U.S.C. § 1441(c), much like "defendant(s)" was narrowly construed in 28 U.S.C. § 1441(a). *Id.* When the Federal Rules of Civil Procedure refers to third-party claims, it uses "asserted." *Id*. at 465. "Joined" refers to claims that have been joined only by the original plaintiff(s), and does not include claims brought by other parties. *Id*. "Federal preemption is ordinarily a federal defense to the plaintiff's suit." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). As a defense, federal preemption "does not appear on the face of a well-pleaded complaint" and does not qualify as a joining of claims by the original plaintiff; therefore, the federal preemption defense does not authorize removal to federal court. *Id.*

Additionally, it is unlikely that a third-party claim could satisfy the "separate and independent" requirement contained in 28 U.S.C. § 1441(c). *First Natal Bank of Pulaski*, 301 F.3d at 465. "Where there is a single wrong to a plaintiff, for which relief is sought arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under 1441(c)." *Am. Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14 (1951). "A third-party complaint is usually conditional on the success of the main claim," which means that common third-party claims, such as indemnification, would be dismissed if the plaintiff's original complaint fails. *First Natal Bank of Pulaski*, 301 F.3d at 465.

Ameritas seeks to remove only the third-party complaint, which does not appear in the original plaintiff's complaint. Thus, the Leonards' third-party complaint against Ameritas is not

"joined" for the purposes of 28 U.S.C. § 1441(c). Additionally, ERISA preemption as a defense against the Leonards' third-party complaint also does not appear in the original plaintiff's well-pleaded complaint. This prevents removal pursuant to 28 U.S.C. § 1441(c) as well. Finally, if Dr. Waymire's "Complaint on Account" fails (requesting compensation for dental services rendered), then the Leonards' claim against Ameritas will be moot. This indicates that the claims against Ameritas are not separate and independent of Dr. Waymire's claims.[3] Ameritas cannot be held liable for an insurance claim by the Leonards, if Dr. Waymire is not entitled to payment by the Leonards. Therefore, Ameritas cannot remove this case pursuant to 28 U.S.C. § 1441(c).

**B. Concurrent Jurisdiction**

If the state court determines that the Leonards' state claims against Ameritas are preempted by ERISA's enforcement provision, then the state court has concurrent jurisdiction and can hear the matter. "Any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc.*, 542 U.S. at 209; *Pilot Life Ins. Co.*, 481 U.S. at 54-56.

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. States courts of competent jurisdiction and district courts of the United States shall have

---

[3] Even if the original plaintiff, Dr. Waymire, joined a claim against the third-party defendant, effectively making the third-party defendant, Ameritas, a "defendant" for the purposes of removal pursuant to 28 U.S.C. 1441, Ameritas' removal argument would still fail. There is a longstanding Supreme Court decision mandating that if there are multiple defendants in a case, all defendants must timely join in the notice of removal in order for removal to be effective. *Chicago, Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900). Clearly, not all defendants in this situation would agree to removal, as the Leonards (the original defendants) are in opposition to removal of this case, thus rendering Ameritas unable to remove. One exception to this requirement is the "separate and independent" clause from 28 U.S.C. § 1441(c). However, even if Ameritas was a "defendant" for the purposes of removal, the claims against Ameritas would not qualify under the "separate and independent" clause of 28 U.S.C. § 1441(c). As stated above, the Leonards' claims against Ameritas are contingent upon the success of Dr. Waymire's case against the Leonards, and thus, are not separate and independent.

>concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

29 U.S.C. § 1132(e)(1). Under 29 U.S.C. 1132(a)(1)(B), a plan participant may bring suit to recover benefits that he is entitled to under the plan, to enforce the terms of the plan, or to clarify his future benefits under the plan. *Pilot Life Ins. Co.*, 481 U.S. at 53.

Ameritas confuses federal preemption with exclusive jurisdiction. While Congress intended for state law claims attempting to enforce benefit rights under an ERISA regulated plan to be preempted by the ERISA enforcement provision, this does not mean that federal courts necessarily have exclusive jurisdiction. Ameritas incorrectly argues that federal courts have exclusive jurisdiction over all ERISA claims, citing 29 U.S.C. § 1132(e); however, upon a closer reading of 29 U.S.C. § 1132(e)(1), federal courts have exclusive jurisdiction over all ERISA disputes *except* claims pursuant to (a)(1)(B) of that section, which allows for concurrent jurisdiction. If the fact finder in state court determines that the Leonards' state claims against Ameritas are preempted by ERISA, the enforcement provision, 29 U.S.C. § 1132(a)(1)(B), will likely be the statute with preemptive power. The Leonards are requesting their dental services be paid by Ameritas through their ERISA regulated insurance plan, which the state court could determine is an effort by the Leonards to recover benefits they are entitled to under the plan, pursuant to 29 U.S.C. § 1132(a)(1)(B). Therefore, this Court does not have exclusive jurisdiction over the Leonards' claims against Ameritas through federal preemption, and a state court of competent jurisdiction can hear this case.

## C. Reimbursement of Reasonable Costs and Attorneys' Fees

This Court reserves jurisdiction to award reasonable attorney fees and costs after the proper submission of a motion to the court for reimbursement of just costs and attorney fees due to improper removal, using the "Lodestar method." Unless express statutory authorization to

8

award attorney fees exists, each party in a lawsuit bears its own expenses. *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 263 (1975). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). After remanding a case, district courts can reserve jurisdiction, in order to award reasonable attorney fees and costs associated with improper removal. *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997).

Pursuant to 28 U.S.C. § 1447(c), Ameritas is hereby ordered to pay the Leonards reasonable attorney fees and just costs associated with the removal of this case in an amount to be determined by this Court. Not later than thirty (30) days from the filing of this opinion, the Leonards must argue the amount requested in a separate motion consistent with the "Lodestar method."

### III. CONCLUSION

Ameritas improperly removed this action pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1441(c). Ameritas is a third-party defendant preventing it from qualifying as a "defendant" for the purposes of 28 U.S.C. § 1441(a), and the third-party complaint is not a "joined" complaint for the purposes of 28 U.S.C. § 1441(c). ERISA does preempt state claims that seek to enforce rights under an ERISA regulated plan, but state and federal courts have concurrent jurisdiction over ERISA's enforcement provision, 29 U.S.C. § 1132(a)(1)(B).

The Clerk of Courts is hereby ordered to remand this case to the Court of Common Pleas of Montgomery County, Ohio.[4]

---

[4] The Court acknowledges the valuable contribution and assistance of judicial extern Amanda M. Hendren in drafting this opinion.

**DONE and ORDERED** in Dayton, Ohio this Twentieth day of July, 2010.

                                                    **s/Thomas M. Rose**

                                           _____
                                               THOMAS M. ROSE
                                       UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record