UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**MELVIN S. WAYMIRE,**

       Plaintiff,

-v-

**SHARON J. LEONARD and**
**MICHAEL J. LEONARD,**

       Defendants/Counterclaimants,
       and Third-Party Plaintiffs,

-v-

**AMERITAS LIFE INSURANCE CORP.,**

       Third-Party Defendant.

Case No. 3:10-CV-072

Judge Thomas M. Rose

---

### ENTRY AND ORDER GRANTING LEONARDS' MOTION FOR ATTORNEYS' FEES (Doc. #12)

---

This matter comes now before the Court on Third Party Plaintiffs' Motion for Fees Associated With Motion To Remand. (Doc. #12.) Third Party Defendants have filed a Memorandum Contra (doc. #13) and the time has run and the Third Party Plaintiffs have not filed a Reply. This Motion is, therefore, ripe for decision.

This action was commenced by Melvin Waymire, DDS, who filed a "Complaint On Account" in the Dayton Municipal Court with a demand for damages. Thereafter, Sharon and Michael Leonard (the "Leonards"), the Defendants in the Dayton Municipal Court action, brought Ameritas into the action as a Third Party Defendant. Ameritas then removed the Third Party Complaint to this Court. This Court determined that Ameritas improperly removed the Third Party Complaint pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1441(c) and ordered

1

Ameritas to pay the Leonards reasonable attorney fees and just costs associated with the removal of this case. (Doc. #10.) The Leonards were ordered to argue the amount of attorneys' fees requested in a separate motion.

The Leonards have now argued that they are entitled to $4,050 in attorneys' fees for filing their Motion To Remand and the associated Reply memorandum and for filing the Motion for Fees Associated With Motion To Remand that is now before the Court. Ameritas does not object to the amount requested but does object to any award of attorneys' fees because this Court made no finding that Ameritas lacked an objectively reasonable basis for removing the Leonards' Third Party Complaint. However, as this Court has previously determined, it is clear that Third Party Complaints are not removable by Third Party Defendants. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1441(c); *First Natal Bank of Pulaski v. Curry*, 301 F.3d 456, 458 (6th Cir. 2002).

The Leonards assert that this Court may, it its discretion, enhance the amount requested. However, the hourly rates used in computing the $4,050 seem to already be "enhanced." Thus, the Court declines to enhance the request any further.

Attorneys' fees in the amount of $4,050 are to be paid to the Leonards by Ameritas due to Ameritas's improper removal of the Third Party Complaint. Finally, the above captioned cause remains closed on the docket records of this Court.

      **DONE and ORDERED** in Dayton, Ohio this Fourth day of October, 2010.

                       s/Thomas M. Rose
                     _____
                       THOMAS M. ROSE
                  UNITED STATES DISTRICT JUDGE

  Copies furnished to:

    Counsel of Record